FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2014 MAY 13  P 12: 17

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**William Randall Hayes**
1244 County Road 3319
Troy, AL  36079

**Kent Nelson**
4030 E 100 N
Rigby, ID. 83442

**Clinton Sawyer**
1007 Odelle Circle
McDonough, GA 30253

**James Locklear**
2304 Lilly Drive
Killeen, TX  76542

**Larry Hawkins**
Herbststrs 6
Deining, GERMANY

*Plaintiffs on their own behalf, in the name of a collective action pursuant to 29 U.S.C. § 216(b).*

v.

**Man Tech International Corporation**
12015 Lee Jackson Highway
Fairfax VA  22033
*Defendant*

Service on:
CT Corporation System
4701 Cox Rd Suite 301
Glen Allen VA 23060

Case No. 1:14-CV-546
(LO/IDD)

INDIVIDUAL AND COLLECTIVE ACTION
COMPLAINT
for

BREACH OF CONTRACT

DEFAMATION

TORTIOUS INTERFERENCE WITH
PROSPECTIVE BUSINESS ADVANTAGE

VIOLATION OF THE U.S. FAIR LABOR
STANDARDS ACT


JURY TRIAL AND
PUNITIVE DAMAGES
REQUESTED

## NATURE OF THE ACTION

This action is filed as an individual and collective action to obtain justice for the named plaintiffs and others for a variety of misdeeds committed by Man Tech International Corporation ("Man Tech"). Specifically, Defendant Man Tech required Plaintiffs to enter into a two year contract yet then terminated the contract, without cause, prior to the expiration of the two year term. In addition, Man Tech fabricated the grounds for terminating Plaintiffs' contracts, falsely accusing Plaintiffs of poor job performance and represented to others that Plaintiffs had performed poorly on the job. Plaintiffs were further victimized by Man Tech when Man Tech denied them, and all of their colleagues, overtime and other compensation due them under the Fair Labor Standards Act, for training Plaintiffs undertook prior to being shipped to Kuwait. To obtain compensation owed to them, and receive the benefit of the penalties that should be directed at Man Tech, Plaintiffs pray for compensatory damages, the money owed for overtime and other hours worked, punitive damages and a jury trial.

## PARTIES

1.      Man Tech is a $3 billion public company that provides services to the United States Government around the world. Man Tech has entered into contracts with the United States Government to make repairs to U.S. military equipment and provide other services in Kuwait. At all relevant times, Man Tech was an employer within the meaning of 29 U.S.C. § 203(d), and within the meaning of Kuwaiti Private Sector Labor Law.

2.      Plaintiffs are mechanics who perform vehicle repair services for Man Tech

2

pursuant to Man Tech's contract with the United States military.

3.     Clinton Sawyer is a resident of the State of Georgia who entered into a contract with Man Tech, attended training in the United States, and worked for Man Tech in Kuwait.

4.     William Randall Hayes (hereinafter "Randall Hayes") is a resident of the State of Alabama who entered into a contract with Man Tech, attended training in the United States, and worked for Man Tech in Kuwait.

5.     James Locklear is a resident of the State of Texas who entered into a contract with Man Tech, attended training in the United States, and worked for Man Tech in Kuwait.

6.     Larry Hawkins is a U.S. citizen and resident of Dinning, Germany who entered into a contract with Man Tech, attended training in the United States, and worked for Man Tech in Kuwait.

7.     Kent Nelson is a resident of the State of Idaho who entered into a contract with Man Tech, attended training in the United States, and worked for Man Tech in Kuwait.

8.     At all relevant times, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

### JURISDICTION AND VENUE

9.     This Court has subject matter diversity jurisdiction pursuant to 28 U.S.C. §1332 (a) (2) as the representative plaintiffs are citizens of various states, except Virginia; Defendant is a headquartered in VA; and the amount in controversy exceeds

$75,000.

10.     This Court also has subject matter jurisdiction over this action as it alleges

violations of the Fair Labor Standards Act, 29 U.S.C. §5 *et seq.*

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) and

(c) as Defendants are either located in Northern Virginia or do persistent business in

Virginia.

## COUNT 1
*Breach of Contract*

12.     Plaintiffs were required to commit to working for Man Tech for 24 months.

Specifically, contract documents presented to Plaintiffs by Man Tech state "Due to the

significant cost for sponsorship, (up to and exceeding $10,000 per person for first year

and $5,000 for second year), you agree to commit to a minimum period of employment

(deployment) of 24 months or the completion of the contract whichever comes first."

Thus, Plaintiffs contracted with Man Tech for a term of two years.

13.     Defendant terminated Plaintiffs' contract prior to the expiration of the term

of years established in the contract.  In fact, Plaintiffs were given no notice whatsoever of

their termination and were only informed that their contract was being terminated "for

cause" on the day they were being flown out of Kuwait.

14.     Defendant fired Plaintiffs citing poor work performance.

15.     Plaintiffs had an excellent performance history with Man Tech.

16.     Defendant falsified the grounds for the termination of Plaintiffs.

Specifically, Defendant cited poor performance by Plaintiffs, to justify prematurely

terminating its contract with them.

17.     The grounds given for terminating Plaintiffs' contracts were knowingly false.

18.     Plaintiffs have suffered significant damages as a consequence of Defendant's premature and falsely documented termination of their contract including lost wages and lost benefits.

19.     WHEREFORE, Plaintiffs pray that the Court find that Man Tech breached its contract with them and award whatever damages are necessary to restore Plaintiffs to the position they would have been in had Man Tech fully performed its contractual obligations, including but not limited to the payment of all monies remaining to be paid in the two year contract and the payment of any benefits that were owed to Plaintiffs over the remaining period of their contract.

## COUNT 2
### *Defamation*

20.     The allegations set forth in paragraphs 12 through 18 are incorporated by reference as if fully set forth herein.

21.     In order to terminate Plaintiffs and escape from the obligation to employ Plaintiffs for the two years required under the contract, Defendant falsified the grounds for termination.  Specifically, Defendant has asserted that Plaintiffs poorly performed their jobs.

22.     The statement that Plaintiffs performed their jobs poorly was a knowingly false statement.

5

23.   Defendant has broadcast the knowingly false statement about the quality of Plaintiffs work by repeating the false statement to government officials and other potential employers for Plaintiffs.

24.   As a consequence of Defendant making knowingly false statements to others, Plaintiffs have suffered damages.

25.   WHEREFORE Plaintiffs seek the award of damages and punitive damages sufficient to restore them to the state prior to the defamatory statements and to punish Man Tech for having made such defamatory statements to others.

**COUNT 3**
*Tortious Interference with Prospective Business Advantage*

26.   The allegations set forth in paragraphs 21 through 24 are incorporated by reference as if fully set forth herein.

27.   Plaintiffs are dependent upon satisfactory employment reviews from Man Tech to obtain employment from other vendors and companies who provide like services to the Government and private industry.

28.   Man Tech is aware that Plaintiffs' futures are dependent upon Man Tech providing accurate information about Plaintiffs' job performance.

29.   Man Tech has deliberately broadcast or otherwise disseminated false information about the grounds for Plaintiffs' termination, i.e., Man Tech has defamed Plaintiffs by stating that they were terminated because of poor work performance.

30.   Man Tech has defamed Plaintiffs knowing that the dissemination of such false information will have an adverse impact on Plaintiffs' ability to find future

6

employment that is commensurate with Plaintiffs' qualifications.

31.     By defaming Plaintiffs, knowing and thus intending to do harm to Plaintiffs' ability to find future employment, Man Tech incurs liability for tortious interference with prospective business advantage.

32.     WHEREFORE, Plaintiffs pray that the Court will award whatever damages are necessary in order to restore Plaintiffs to the condition they would have been in had Plaintiffs been able to freely contract with subsequent employers without the stain of Man Tech's defamation about the quality of their work.  Moreover, Plaintiffs petition the Court to provide whatever injunctive or other equitable relief is necessary to ensure that Man Tech take whatever steps are necessary to stop the flow of false information that is causing the damage to Plaintiffs' prospective business advantage, and to correct the information that exists with respect to the misrepresentation because of Man Tech's defamation and interference.

## COUNT 4
*Violation of the U.S. Fair Labor Standards Act with Respect to William Randall Hayes,*
*Kent Nelson, Clinton Sawyer, James Locklear, and Larry Hawkins and the Proposed*
*Collective action class under 29 U.S.C. § 216(b)*

33.     The allegations set forth in paragraphs 1 through 8 are hereby incorporated by reference as if fully set forth herein.

34.     Plaintiffs and all similarly situated members of the putative collective action are non-exempt employees of Man Tech.  Plaintiffs and Class members do not have authority to take any discretionary actions; they do not direct the work of Man Tech's other personnel; they do not formulate or effectuate management policies; they do

7

not have authority to hire or fire employees; and, they do not supervise or manage any programs or personnel.

35.    Plaintiffs and similarly situated members of the proposed collective action are "employees" as the term is described at 29 U.S.C. §203 (e).

36.    Man Tech was at all times relevant hereto an "employer" as that term is defined by 29 U.S.C. §203 (d).

37.    The Fair Labor Standards Act, 29 U.S.C. § 201 et seq, ("the Act" or "FLSA") requires that Plaintiffs and absent class members be compensated for work performed on behalf of Man Tech as set forth in the Act.

38.    As a condition precedent to being allowed to travel to Kuwait to perform the contract as a Man Tech employee, U.S.-hired Plaintiffs were required to attend training.

39.    During this training, U.S.-hired Plaintiffs exceeded forty (40) hours a week.

40.    Randall Hayes worked 44 hours per week at the Red River Training Depot. However, Plaintiff Hayes was not provided the overtime rate of compensation for the hours he worked in excess of 40 hours. Specifically, Mr. Hayes was paid at $16.46 per hour for hours 41-44, yet he should have been paid an additional $8.23 per hour for those hours. Thus, Mr. Hayes is owed $197.52 (4 hrs. x $8.23 x six weeks).

41.    Kent Nelson was required to attend orientation at the Man Tech facility in Chantilly, VA from August 5, 2012–August 10, 2012. Mr. Nelson worked eight (8) hours in excess of forty (40) hours yet was not paid at the overtime rate for hours 41-48. Accordingly, he is owed $51.04 (8 hrs. x the additional $6.38 required for overtime pay).

Further, from August 13, 2012 – September 21, 2012, Mr. Nelson was required to attend training at the Red River depot. Again, he was not paid at an overtime rate for hours 41-48; thus, he is owed an additional $51.04 (8 hrs. x the additional $6.38 required for overtime pay). Moreover, Plaintiff Nelson was not paid overtime for working on the federally recognized Labor Day holiday. Accordingly, he is owed at least $51.04 (8 hrs. x 1.50 x $6.38). Accordingly, he is owed $153.12 in missing overtime pay for his time at the Red River depot. Mr. Nelson was required to attend training at the Individual Replacement Deployment Operations Center at Camp Atterbury Indianapolis, IN. Again, Mr. Nelson was not compensated at an overtime rate for the 16 hours in excess of 40 hours he worked that week. Accordingly, for hours 41-57, he is owed $102.08 (16 hours x $ 12.76 x .50) in missing overtime pay. Mr. Nelson returned to Camp Atterbury from November 3 through November 9, 2012. Again, he was not compensated at an overtime rate for the hours worked in excess of 40 hours. Because his base pay was raised to $16.00 per hour, he is owed $128.00 (16 overtime hours x $16.00 x .50). Plaintiff Nelson is owed $383.20 for overtime work in the United States.

42.    Plaintiffs allege that all other members of the putative class were also required to work in excess of forty (40) hours during training yet were not compensated at the required overtime rate of 1.5 times their hourly rate.

43.    Man Tech's requirement that Plaintiffs work without compensation and/or without overtime compensation is a violation of the Fair Labor Standards Act.

44.    Plaintiffs bring this action for violation of the FLSA as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following

9

class: "All persons employed by Man Tech who, at any time during the last three years, performed work for Man Tech in the United States who were not paid for all hours worked, including overtime wages at the rate of time and one half of their regular rate for all work performed over 40 hours a week."

WHEREFORE, Plaintiffs pray that the Court provide all the relief to which Plaintiffs and absent class members are entitled under the Fair Labor Standards Act, including but not limited to payment of the wages that are owed under the Act, attorney's fees and costs that are provided under the law. At the earliest possible time, Plaintiffs request that the Court issue notice of this collective action, or allow Plaintiffs to do so, (at Defendant's expense) to all persons who have been employed by Man Tech who, at any time during the three years prior to issuance of notice, performed work for Man Tech and who were not paid for all hours worked, including overtime wages at the rate of time and one half of their regular rate for all work performed over 40 hours a week. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages. In addition, Plaintiffs pray that the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiffs; issue a declaratory judgment that Man Tech's acts, policies practices, and procedures complained of herein violated provisions of the FLSA; enjoin Man Tech from further violations of the FLSA; recover for Plaintiffs unpaid wages and liquidated damages as provided under the law and in FLSA, 29 U.S.C. § 216(b) and in amounts to be determined at trial; award reasonable attorneys' fees, costs, and expenses;

and provide whatever additional relief is necessary and proper to serve the interests of justice.

### JURY DEMANDED

Plaintiff hereby demands a trial by jury of this action.

### PUNITIVE DAMGES REQUESTED

Plaintiff hereby demands the imposition of punitive damages against Defendants.

Dated: 5/13/14

Respectfully submitted,

_____.
John F. Carroll, Esq.  VSB No. 35311.
Carroll & Carroll, P.C.
10513 Judicial Drive, Suite 102
Fairfax, VA 22030
(703) 273-7007
(703) 273-7207) Fax
john.carroll@carrollawoffice.com

Joseph A. Hennessey, Esq. (pro hac pending)
Beins, Goldberg & Hennessey, LLP
2 Wisconsin Circle, Suite 700
Chevy Chase, MD  20815
(240) 235-5040
jhennessey@bghllp.com

*Attorneys for individual Plaintiffs and putative class*